UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MC SPA FRANCHISE, LLC,
a Florida Limited Liability Company,

      CASE #:

    Plaintiff,
vs.

MOUNT VERNON FIRE INS. CO.,
a foreign corporation, and

    Defendant.
_____/

## PETITION FOR REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, MOUNT VERNON FIRE INSURANCE COMPANY, ("Mt. Vernon"), through its undersigned counsel, pursuant to 28 U.S.C. § 1441 and §1446, respectfully petitions for the removal of the instant action, styled *MC Spa Franchise, LLC v. Mount Vernon Fire Insurance Company,* Case No. 2019-CA-8841-O, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, and as grounds therefore states as follows:

### GROUNDS FOR REMOVAL

1. This is a civil action for damages based on alleged failure of Mt. Vernon to pay benefits under a policy of insurance issued by Mt. Vernon to Plaintiff, MC SPA FRANCHISE, LLC. ("MC SPA").

2. Plaintiff, MC SPA, filed the instant action on July 18, 2019, in the Circuit Court for Orange County, Florida. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all matters presently pending in the state court action, including the docket,

2

summons, and complaint, are attached hereto as **Composite Exhibit "A."**

3. Service of the Complaint was received by the Chief Financial Officer of the State of Florida on July 23, 2019, and forwarded to and accepted by Mt. Vernon on July 24, 2019.

4. At all relevant times, Plaintiff, MC SPA, was a Florida limited liability company with its principal business in Orlando, Orange County, Florida.

5. Plaintiff, MC SPA, is comprised of two managing members, Hang D. Chau and Andy Chau, both of whom reside in Orlando, Orange County, Florida.

6. At all relevant times, Defendant, Mt. Vernon, was a Pennsylvania corporation with its principal place of business in Wayne, Pennsylvania and, as such, is a citizen of the State of Pennsylvania.

7. Pursuant to the provisions of Title 28 of the United States Code, § 1332, this Court possesses original jurisdiction of this action because there is complete diversity between the Plaintiff and the Defendant. Accordingly, this case can be removed pursuant to Title 28 of the United States Code, § 1441.

8. This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332. Title 28 of the United States Code, § 1332 states that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. Plaintiff claims that it suffered a covered theft loss in the amount of approximately $120,000 for which Plaintiff has sought recovery under its policy with Mt. Vernon.

10. Plaintiff has alleged that on May 31, 2019, Plaintiff's equipment and property located at 4333 Silver Star Road, Suite 125, Orlando, Florida, were stolen.

11. Plaintiff alleges that Mt. Vernon had issued a policy of insurance, which afforded coverage for the subject loss.

12. Plaintiff sought coverage from Mt. Vernon for the alleged loss of the property, which claim was denied by Mt. Vernon.

13. In addition to the stolen property for which Plaintiff seeks recovery, which Plaintiff claims to be valued approximately $120,000, Plaintiff also seeks attorney's fees from Mt. Vernon.

14. Based upon the foregoing, Defendant submits that the amount in controversy in this action meets the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

15. Defendant has filed the instant Petition for Removal within 30 days of being served with Plaintiff's complaint, which gave the basis for removal. *See* 28 U.S.C. §1446(b).

16. In accordance with 28 U.S.C. § 1446(c), Defendant filed the instant Petition within one year from the date that the complaint was filed and served.

17. Defendant seeks to remove to the United States District Court for the Middle District of Florida. Venue is proper in this district under 28 U.S.C. §1441(a) because this district includes the circuit court where the action is pending.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

28 U.S.C. § 1441 reads, in relevant part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

When the amount sought by plaintiff is undefined, the burden rests upon the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967 (11th Cir. 2002); *Kneebusch v. Mutual of Omaha Ins. Co.*, 2007 WL 1174121 (M.D. Fla. April 18, 2007). If the plaintiff is seeking declaratory relief, then the amount in controversy is the monetary value to the plaintiff of the object of the litigation. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Here, Plaintiff seeks to recover for its alleged stolen property, which Plaintiff claims to be worth approximately $120,000. Plaintiff is also seeking statutory attorney's fees, which it will be entitled to recover if it prevails in this action.

The instant action meets all of the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy exceeds this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendant's Petition for Removal was filed timely.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit of Florida, Orange County.

WHEREFORE, Defendant, MOUNT VERNON FIRE INSURANCE COMPANY, petitions this Court for removal of this action to the United States District Court for the Middle District of Florida, and requests that such removal be hereby effectuated.

Dated this **6th day of August 2019**.

## CERTIFICATE OF SERVICE

I hereby certify that on **August 6, 2019**, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ Gary Khutorsky
Gary I. Khutorsky (Florida Bar No. 814271)
E-mail address: khutorsky@litchfieldcavo.com
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida  33334
Telephone:  (954) 689-3000
Facsimile:  (954) 689-3001
*Attorneys for Mt. Vernon Ins. Co.*

## SERVICE LIST

Eric Deming, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., 4th Floor
Post Office Box 4979
Orlando, Florida 32801
Phone: (407) 420-1414
Fax: (407) 245-3357
Primary E-mail:      EWD-pleadings@forthepeople.com
Secondary Email:   TRosenstock@@forthepeople.com
                              MRamirez@forthepeople.com
*Attorneys for the Plaintiff*