

Orange County Clerk - Court Records Search

2019-CA-008841-O : MC SPA FRANCHISE, LLC vs. MOUNT VERNON FIRE INSURANCE COMPANY

| | | | |
|---|---|---|---|
| Case Type: | CA - Breach of Agreement/Contract | Date Filed: | 7/18/2019 |
| Location: | Div 34 | UCN: | 482019CA008841A001OX |
| Judge: | Luis F Calderon | Status: | Pending |
| Citation Number: | CA - Breach of Agreement/Contract | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| MC SPA FRANCHISE, LLC | Plaintiff | ERIC DEMING | 407-420-1414 |
| MOUNT VERNON FIRE INSURANCE COMPANY | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|
| | | | | | |

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 7/24/2019 | Notice of Service of Process/Return | 1 |
| | Comments: MOUNT VERNON FIRE INSURANCE COMPANY | |
| 7/22/2019 | Summons Issued Electronically as to | 2 |
| | Comments: EMAILED TO ATTY. | |
| 7/18/2019 | Correspondence | 5 |
| 7/18/2019 | Notice of Designation of Email Address | 1 |
| 7/18/2019 | Request for Admissions | 2 |
| 7/18/2019 | Notice of Service of Interrogatories | 1 |
| 7/18/2019 | Request to Produce | 2 |
| 7/18/2019 | Civil Cover Sheet | 2 |
| 7/18/2019 | Complaint | 2 |
| 7/18/2019 | Case Initiated | |

### Hearings

| Date | Hearing | Time | Location | Pages |
|---|---|---|---|---|
| | | | | |

### Financial

| Date | Description | Payer | Amount |
|---|---|---|---|
| 7/18/2019 | Transaction Assessment | | 410.00 |
| 7/18/2019 | Payment | Eric Deming | -410.00 |
| | | Balance Due: | 0.00 |

**COMPOSITE EXHIBIT "A"**

| Date | Description | Payer | Amount |
|---|---|---|---|

| Bonds ||||
|---|---|---|---|
| Description | Status Date | Bond Status | Amount |

| Warrants ||||||
|---|---|---|---|---|---|
| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| MC SPA FRANCHISE, LLC | CASE #: 2019-CA-008841-O |
| | COURT: CIRCUIT COURT |
| | COUNTY: ORANGE |
| PLAINTIFF(S) | DFS-SOP #: 19-000193996 |

VS.

MOUNT VERNON FIRE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY, X6-EMAIL-DESIGNATION-9440020.PDF, X7-NOTICE-SERVICE-CORRESPONDENCE-9440020.PDF

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, July 23, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, July 24, 2019 to the designated agent for the named entity as shown below.

MOUNT VERNON FIRE INSURANCE COMPANY
BENJAMIN BEDARD
470 COLUMBIA DR, BLDG C-101
WEST PALM BEACH, FL 33409

*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Jimmy Patronis
Chief Financial Officer

ERIC W. DEMING
ATTORNEY
MORGAN & MORGAN, P.A.
20 N. ORANGE AVE.
SUITE 1600
ORLANDO, FL 32801 United States

JJ1

9440020

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

MC SPA FRANCHISE, LLC,

CASE NO.: 2019-CA-8841-O
DIV. NO.:

Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

Defendant.
_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**TO ALL AND SINGULAR SHERIFFS OF SAID STATE:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request to Produce, Request for Admissions and Interrogatories in the above styled cause upon the Defendant c/o registered agent:

    Mount Vernon Fire Insurance Company
    c/o Florida Chief Financial Officer as RA
    200 East Gaines Street
    Tallahassee, FL 32399-4201

    Each defendant is required to serve written defenses to the complaint or petition on, ERIC DEMING, Esquire, counsel for Plaintiff, whose address is P.O. Box 4979, Orlando, FL 32802-4979, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2019.

    ERIC DEMING, ESQUIRE
    MORGAN & MORGAN, P.A.
    20 N. Orange Avenue, 4th Floor
    Orlando, Florida 32801
    (407) 420-6921



Tiffany Moore Russell
425 North Orange Ave.
Suite 350
Orlando, Florida 32801

Ali Martin Rios, Deputy Clerk
2019-07-22 20:58:49

## REQUESTS FOR ACCOMMODATIONS BY
## PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, _____, (\_\_\_) _____, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

9440020

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

MC SPA FRANCHISE, LLC,

CASE NO.:
DIV. NO.:

Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

Defendant.
_____/

## CIVIL COVER SHEET

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), please an "x" in both the main category and subcategory boxes.

- ☐ Condominium
- X Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence-other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability-commercial
  - ☐ Premises liability-residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0-$50,000
  - ☐ Commercial foreclosure $50,001-$249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
- ☐ Homestead residential foreclosure $0-$50,000
- ☐ Homestead residential foreclosure $50,001-$249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Nonhomestead residential foreclosure $0-$50,000
- ☐ Nonhomestead residential foreclosure $50,001-$249,999
- ☐ Nonhomestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0-$50,000
- ☐ Other real property actions $50,001-$249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice-business
  - ☐ Malpractice-medical
  - ☐ Malpractice-other professional
- ☐ Other
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**REMEDIES SOUGHT**   (Check all that apply.)
    X    monetary;
    ☐    nonmonetary declaratory or injunctive relief;
    ☐    punitive

**NUMBER OF CAUSES OF ACTION:[ 1 ]**
(Specify.) _____ Breach of Contract _____

## IS THIS CASE A CLASS ACTION LAWSUIT?
    ☐    Yes
    X    No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

X    No
☐    Yes. If "Yes", list all related cases by name, case number, and court.

_____
_____
_____

**IS JURY TRIAL DEMANDED IN COMPLAINT?**

_X_ Yes      ___ No

July 18, 2019                  /s/ ERIC DEMING
DATE                                 ERIC DEMING, ESQUIRE
                                        Fla. Bar No. 43678

9440020

MC SPA FRANCHISE, LLC,

Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

Defendant.
_____/

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:
DIV. NO.:

# COMPLAINT

COMES NOW Plaintiff, MC Spa Franchise, LLC ("Plaintiff"), and hereby sues Defendant, Mount Vernon Fire Insurance Company ("Defendant"), and states:

1. This is an action for damages which exceed Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, costs and interest.

2. On May 31, 2019, Plaintiff's equipment and property located at 4333 Silver Star Road, Suite 125, Orlando, FL 32808 were stolen during the policy period as a result of a theft.

3. A policy of insurance, bearing upon information and belief, policy number CF 2561565, including the coverages to protect Plaintiff against the above losses, was issued by Defendant and was in full force and effect as to Plaintiff when Plaintiff's equipment and property were stolen. A certified copy of the policy is in the exclusive control of Defendant, and will be produced during discovery.

4. Plaintiff notified Defendant of the theft, and Defendant assigned a claim with a date of loss of May 31, 2019.

5. Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy.

6. Defendant has failed or refused to fully perform under the policy, fully value Plaintiff's losses and failed to fully pay for all of Plaintiff's losses as required by the insurance policy.

7. Defendant's failure to perform under the policy, fully value Plaintiff's losses and failure to fully pay for all of Plaintiff's losses of insurance is a breach of contract.

8. Because of Defendant's breach or failure or refusal, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

9. As a direct and forseeable result of Defendant's breach of contract, Plaintiff has lost income and the ability to earn income from the missing equipment.

**WHEREFORE**, Plaintiff demands judgment against Defendant for Plaintiff's losses with interest on any overdue payments, attorney's fees and costs pursuant to Florida Statutes §§ 627.428, 57.041, 626.9373, 626.924, 626.9374, and 92.231, and/or any other applicable Florida Statues and demands a trial by jury.

Dated: July 18, 2019

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 420-6921 – Phone/(407) 245-3357 – Fax
Primary Email: ewd-pleadings@forthepeople.com
Secondary Email: TRosenstock@forthepeople.com
Attorneys for Plaintiff

| | |
|---|---|
| 9440020 | IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA |
| MC SPA FRANCHISE, LLC, | CASE NO.: <br> DIV. NO.: |
| Plaintiff, | |
| vs. | |
| MOUNT VERNON FIRE INSURANCE COMPANY, | |
| Defendant._____/ | |

### PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESSES

Plaintiff by and through the undersigned attorney, files this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-Mail Addresses (effective September 1, 2012) and designates the following email addresses:

   Primary E-Mail Address:   ewd-pleadings@forthepeople.com
   Secondary E-Mail Address(es):   TRosenstock@forthepeople.com
                                    MRamirez@forthepeople.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant together with the Summons and Complaint.

                               */s/ ERIC DEMING*
                               ERIC DEMING, ESQUIRE
                               Florida Bar No. 43678
                               MORGAN & MORGAN, P.A.
                               20 N. Orange Avenue, 4th Floor
                               Orlando, FL 32801
                               (407) 420-6921 – Phone
                               (407) 245-3357 – Fax
                               Primary Email: ewd-pleadings@forthepeople.com
                               Secondary Email: TRosenstock@forthepeople.com
                               MRamirez@forthepeople.com
                               Attorneys for Plaintiff

9440020

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

MC SPA FRANCHISE, LLC,

CASE NO.:
DIV. NO.:

Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

Defendant.
_____/

## REQUEST TO PRODUCE

Plaintiff, MC SPA FRANCHISE, LLC, through undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, hereby requests Defendant, Mount Vernon Fire Insurance Company, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 20 N. Orange Avenue, Suite 400, Orlando, Florida 32801. Pursuant to Florida Rule of Civil Procedure 1.350, Defendant shall serve a written response or production within forty-five (45) days after service of this Request to Produce.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1. All insurance policies which would provide coverage to the Plaintiff herein, together with any declaration of coverage page, and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

2. All non-privileged portions of the claim file with regard to this claim. For any items withheld, please set forth the nature of the privilege or protection allowing you to withhold the document, the date of the document, the drafter, recipient, and a general description of the document.

3. Copies of any and all forms, correspondence, or reports received by you or any of your agents on your behalf concerning the Plaintiff's losses from anyone.

4. Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to any fact in this case, such as was taken prior to the filing of suit in this matter.

5. Any and all videos and photographs in the Defendant's possession related to Plaintiff's claim in their native digital format.

6.      All audiotapes and transcripts of any statement given by Plaintiff.

7.      Copies of all IRS Forms 1099 from Defendant to any consultants who examined Plaintiff's home (whether engineers, contractors or other tradesmen) for the evaluation of claims submitted to Defendant by Defendant's insureds pursuant to Allstate v. Boecher, 733 So.2d 993 (Fla. 1999)("A jury is entitled to know the extent of the financial connection between the party and the witness, and the cumulative amount a party has paid an expert during their relationship [...] Any limitation on this inquiry has the potential for thwarting the truth-seeking function of the trial process [...] To limit this discovery would potentially leave the jury with a false impression concerning the extent of the relationship").

8.      All reports in your possession that support Defendant's contention that any of Plaintiff's claims for benefits are not covered or proper.

9.      The complete underwriting file with regard to Defendant's issuance of insurance on the subject risk, and all renewals.

10.     All documents reflecting any payment made to any person or entity for any reason as a result of Plaintiff's claim for the equipment and property stolen.

11.     All documents which Defendant contends support any affirmative defense raised in Defendant's Answer in this case.

12.     All reports from any consultant or expert retained for any reason in this claim.

13.     All Proofs of Loss received by Defendant from Plaintiff or any representative of Plaintiff.

14.     All estimates received by Defendant from any source with regard to the equipment and property stolen.

15.     All pre-insurance coverage inspection reports or other documents, photos or videos relating to the condition of the property prior to the policy period for which Plaintiff claims damage and the theft of its property and equipment.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant along with the Summons and Complaint.

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 420-6921 – Phone/(407) 245-3357 – Fax
Primary Email: ewd-pleadings@forthepeople.com
Secondary Email: TRosenstock@forthepeople.com
Attorneys for Plaintiff

9440020

MC SPA FRANCHISE, LLC,

Plaintiff,

vs.

MOUNT VERNON FIRE INSURANCE COMPANY,

Defendant.
_____/

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:
DIV. NO.:

## REQUEST FOR ADMISSIONS

Plaintiff, MC SPA FRANCHISE, LLC, by and through the undersigned attorneys, pursuant to Fla. R. Civ. P. 1.370, requests that the Defendant, Mount Vernon Fire Insurance Company, admit or deny the truth of the following statements of fact and answer the following admissions in writing within forty-five (45) days from the date of service thereof.

1. Defendant issued a policy of insurance to Plaintiff ("Policy") for the property located at 4333 Silver Star Road, Suite 125, Orlando, FL 32808 ("Business").

2. At all material times, Plaintiff had an insurable interest in the Business.

3. The Business sustained direct physical damage, while the Policy was in full force and effect (the "loss").

4. The Business' equipment and property were stolen while the Policy was in full force and effect (the "loss").

5. Defendant was notified of the loss pursuant to the terms and conditions of the Policy.

6. Plaintiff submitted an insurance claim to Defendant (the "claim") pursuant to the terms and conditions of the Policy.

7. Plaintiff did not cause prejudice to Defendant during its investigation of the claim.

8. As of the date of this lawsuit, there were no outstanding requests by Defendant for documents or information in connection with its investigation and adjustment of the claim.

9. Plaintiff complied with all duties after a loss pursuant to the Policy.

10. The Policy provides coverage for the theft and any stolen equipment and property that is not otherwise excluded or excepted by the policy.

11. The Policy provides coverage for any stolen equipment and property from the Business that is not otherwise excluded or excepted by the policy.

12. The Policy provides coverage for "all risks" of loss to the Business.

13. The Policy provides benefits on a "Replacement Cost Value" basis for covered losses to the Business subject to the policy limits.

14. In the event of a covered loss to the Business, the Policy provides benefits to repair or replace equipment and property, without deducting for depreciation.

15. In the event of a covered loss to the Business, the Policy requires Defendant to pay benefits on a "Replacement Cost Value" basis, irrespective of whether Plaintiff actually repairs or replaces the stolen and damaged property.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant along with the Summons and Complaint.

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 420-6921 – Phone
(407) 245-3357 – Fax
Primary Email: ewd-pleadings@forthepeople.com
Secondary Email: TRosenstock@forthepeople.com
MRamirez@forthepeople.com
Attorneys for Plaintiff

| | |
|---|---|
| 9440020 | IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA |
| MC SPA FRANCHISE, LLC, | CASE NO.: <br> DIV. NO.: |
| Plaintiff, | |
| vs. | |
| MOUNT VERNON FIRE INSURANCE COMPANY, | |
| Defendant. <br> _____/ | |

### NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

**PURSUANT TO** Florida Rules of Civil Procedure 1.340, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

**I HEREBY CERTIFY** that I have furnished a true and correct copy of the foregoing by service of process contemporaneously with the Complaint in this matter.

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 420-6921 – Phone
(407) 245-3357 – Fax
Primary Email: ewd-pleadings@forthepeople.com
Secondary Email: TRosenstock@forthepeople.com
MRamirez@forthepeople.com
Attorneys for Plaintiff

| | |
|---|---|
| 9440020 | IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA |
| MC SPA FRANCHISE, LLC, | CASE NO.: <br> DIV. NO.: |
| Plaintiff, | |
| vs. | |
| MOUNT VERNON FIRE INSURANCE COMPANY, | |
| Defendant. _____/ | |

## NOTICE OF SERVICE OF CORRESPONDENCE

Plaintiff hereby files this Notice of Service of the attached correspondence to the Defendant.

**I HEREBY CERTIFY** that I have furnished a true and correct copy of the foregoing correspondence by service of process contemporaneously with the Complaint in this matter.

**Dated:** July 18, 2019

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Orlando, FL 32801
(407) 420-6921 – Phone
(407) 245-3357 – Fax
Primary Email: ewd-pleadings@forthepeople.com
Secondary Email: TRosenstock@forthepeople.com
MRamirez@forthepeople.com
Attorneys for Plaintiff

# MORGAN & MORGAN®

*Attorneys At Law*

20 N. ORANGE AVENUE, 16TH FLOOR
POST OFFIE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414
FAX: (407) 425-8171

July 18, 2019

**TO:** Mount Vernon Fire Insurance Company
c/o Chief Financial Officer, State of Florida
Division of Legal Services
200 E. Gaines Street
Tallahassee, FL 32314-6200

**RE:** **MC Spa Franchise, LLC v. Mount Vernon Fire Insurance Company**

Dear Sir or Madam:

This firm has been retained by the Plaintiff, MC SPA FRANCHISE, LLC, regarding stolen equipment and property to the Business located at 4333 Silver Star Road, Suite 125, Orlando, FL 32808 ("Business"). I am writing to inform you that I will be the attorney handling this matter and all correspondence should be directed to my attention.

The insured would very much like to replace the stolen equipment and property of the Business without further delays by Mount Vernon Fire Insurance Company. Accordingly, please contact me within twenty-one (21) days from the date of this letter to schedule a joint inspection of the loss.

## DEMAND FOR PRESERVATION OF EVIDENCE

Demand is also made that you preserve all documents, tangible things and electronically stored information potentially relevant to the issues in this insurance loss or claim. You should anticipate that litigation is imminent and that much of this information is subject to disclosure or will be responsive to discovery in this matter, even if it is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones), collectively referred to hereafter as "ESI". ESI includes not only electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonable accessible. You are obligated to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

ESI hidden system files or metadata, presently located on or contained in a free standing computer or laptop, or on any part of a server, CPU or digital device that may contain data storage capabilities including, but not limited to hard disk drives, optical disk drives, removable media, such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives, snap drives or other, similar drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage media or system of whatever name or description.

Preserve all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, including but not limited to microfilm, microfiche and their repositories and readers, or design or engineering computer systems and regardless of any digital image's format, including .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings.

Preserve all existing sources of digital evidence that may not presently be in use by your company or may have been deleted from your active systems, whether the source is a backup tape or disk, some other data retention system or some form of disaster recovery system. Including the imaging of hard drives, please take all reasonable steps to preserve digital evidence that may have been deleted from your active files and which may not be readily recoverable from a backup medium, such as metadata.

## SUSPENSION OF ROUTINE DESTRUCTION

Demand is also made that you to immediately preserve and hold potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure this ESI. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of email repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and
- Executing drive or file defragmentation or compression programs.

## SYSTEMS, LAPTOPS, ONLINE ACCOUNTS AND OTHER ESI VENUES

Although we expect that you will act swiftly to preserve data on office workstations and servers, your home or portable systems contain potentially relevant data. To the extent that you have sent or received potentially relevant emails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-ROM disks and the user's PDA, smart phone, voice mailbox or other forms of ESI storage). Similarly, if you used online or browser-based email accounts or services (such as AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted, and Archived Message folders) should be preserved.

Preserve digital evidence that is subject to your control regardless of where else it May be located on-site at your main offices, within the network infrastructure of your company or on or in one of your other computer support systems including those at your subsidiaries,

predecessors, successors, assigns, joint venturers, partners, parents, agents or affiliates (in this country or throughout the world), including but not limited to the following locations:

      a.    Your LAN and WAN network systems, regardless of methods of connectivity (e.g., by T1, T3 or optical lines), domains, including PDCs, network OS (such as Novell, Microsoft, UNIX, Citrix or some other similar type) or protocols, or your backup and disaster recovery hardware and media, regardless of the physical location of those electronic storage systems.

      b.    Your email servers and any repository of your email (including within the inbox, sent box, deleted box or some similar file of the computers of employees or management), or in any backup form whatsoever, regardless of whether you use Microsoft Exchange, Outlook, Outlook Express, Lotus Notes or some combination of email management software or some alternative commercial or proprietary email management software.

      c.    Your IS administrative offices, including backup and disaster recovery restoration repositories, data retention repositories, purge repositories, training repositories, or libraries of hardcopy materials of any description (regardless of where located) and online training and operation manuals that have been scanned to disk.

      d.    Your offsite technical and service bureau support systems, including but not limited to ASP (application service provider) support, scanning or data conversion support, offsite data storage or archive support.

      e.    Your web hosting and administration services, including intranet and extranet sites, regardless of whether they are now publicly posted or exist in English or some other language.

## PAPER PRESERVATION OF ESI IS INADEQUATE

As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

## AGENTS, ATTORNEYS, VENDORS AND THIRD PARTIES

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

## DO NOT DELAY PRESERVATION

I am available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption,

loss or delay in production of evidence to which we are entitled, such failure will constitute spoliation of evidence. If the insurance company is found to have lost or destroyed documents, records or ESI, then we will not hesitate to seek monetary sanctions and Orders of issue preclusion and terminating sanctions (dismissal of your pleadings).

We anticipate your prompt response to this letter and I look forward to hearing from you soon.

Sincerely,

/s/ ERIC DEMING
ERIC DEMING, ESQUIRE